UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:22-CV-60427

PATRICK ORTEGA,

    Plaintiff,

vs.

LA FAMIGLIA ITALIAN
RESTAURANT, INC., SALVATORE
PUGLIESE, AND LUIGI PUGLIESE,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Patrick Ortega, sues Defendants, La Famiglia Italian Restaurant, Inc., Salvatore Pugliese, and Luigi Pugliese, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Patrick Ortega**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, La Famiglia Italian Restaurant, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

1

6. **Defendant, Salvatore Pugliese,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Salvatore Pugliese, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Luigi Pugliese,** also was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Luigi Pugliese, also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, fish, seafood, beverages, beers, wines, and/or alcoholic beverages, and products that have moved through interstate commerce.

15. Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or alcoholic beverages, while using machinery, appliances, pizza ovens, ovens, refrigerators, and materials that also have moved through interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants also regularly and recurrently engage in interstate commerce through their use of e-commerce involving GrubHub, a foreign corporation that transmits electronic information outside of the State of Florida, for the exchange of food orders and payment processing.

18. Defendants engage in e-commerce through the internet on their website, https://www.lafamigliamiramar.com/, which they registered through GoDaddy LLC (a foreign corporation).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

19. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21. Plaintiff worked for Defendants from approximately September 15, 2021 to Januar 22, 2022.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

23. Defendants paid plaintiff in cash at a rate of $12.00/hour for each hour worked.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

25. Defendants did not make or maintain records identifying the hours that Plaintiff worked each day.

### *Liability*

26. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

27. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

29. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Patrick Ortega, demands the entry of a judgment in her favor and against Defendants, La Famiglia Italian Restaurant, Inc., Salvatore Pugliese, and Luigi Pugliese, jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Patrick Ortega, demands a trial by jury of all issues so triable.

Respectfully submitted this 25th day of February 2022,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel: 305.230.4884
        *Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*